The next case this morning is 522-0514, People v. 2008 Toyota Tundra. Arguing for the appellant is Becky Ray. Arguing for the appellee is Ryan Clays. Each side will have 15 minutes for their argument. The appellant will also have five minutes for rebuttal. Please note only the clerk is permitted to record these proceedings. Good morning, counsel. Good morning. Good morning, your honor. Ms. Ray, are you ready to proceed? I am, your honor. Thank you. Thank you. May it please the court. Counsel, I'm Becky Ray, representing the people of the state of Illinois. Adam Logsdon was driving the subject vehicle in this case, the 2008 Toyota Tundra, on March 3, 2022, when he was stopped for suspicion of driving under the influence. A records check revealed further that he had a revoked driver's license as a result of previous DUI offenses. He was charged with felony offenses as a result of this stop, and forfeiture proceedings were initiated under Section 36 of the Criminal Code as a result of violations of the Illinois Vehicle Code. Adam revealed that his father, the claimant in this case, had given him permission to drive the subject vehicle. Additionally, claimant Dane Logsdon admitted to officers that he knew Adam's driver's license was revoked when he gave him permission to drive the Toyota. The state's notice and request for preliminary determination of probable cause used this exact information when they were filed by the state on March 4, 2022. So did the seizing officer's verified complaint of the forfeiture. The only thing that had Scribner's errors was the verified complaint itself, and only in paragraphs one and three, where it listed the wrong date, the vehicle, and the claimant. But paragraph two, which truly contains the meat of the petition, it contains the statues and the facts surrounding the arrest and forfeiture, contained all of the correct information. The caption of the document also listed the correct vehicle, claimant, and owner. Additionally, all these documents, the notice, the request for preliminary determination for probable cause, the verified complaint, and the attachments to the verified complaint were all filed with the court contemporaneously at 3.36 p.m. on March 4, 2022. It was very clear in looking at the totality of all these documents that the incorrect information in paragraphs one and three of the verified complaint was truly the result of Scribner's errors. If that wasn't clear, the state's amended verified complaint cleared up any errors and confusion, and that was filed a mere four days after the original filing, and only five days after the seizure of the subject property, the Toyota. And it corrected the Scribner's errors in paragraphs one and three. The state should have been allowed to amend its verified complaint when it moved to do so in August 3 prior to the hearing that was set that day. It was before an innocent owner hearing, and the claimant wasn't even entitled to that innocent owner hearing at that point anyway because no answer had been filed. And no judgment had been rendered as of that August 3 date when the state tried to obtain leave to amend the complaint. And section 2-616a says that at any time before judgment, an amendment should be allowed. The trial hadn't even been set yet at that point. It was only set for an innocent owner hearing, and so the state was well within its time frame to ask for an amendment to be allowed. Additionally, all of the Loyola factors are present in this case, and they weigh in favor of permitting the amendment. Would it cure defective pleading? Yes, it would. And the complainant does not dispute that this is the case. He doesn't ever argue that it would not have corrected the original complaint. Would the claimant be surprised or prejudiced by the amendment? No, the claimant was not surprised or prejudiced. The amended verified complaint corrected all the Scribner's errors just five days after the seizure, which was ample time for the claimant to object to that amendment, to object to the fact that it was filed without leave of court, but he did not do that. And instead, he filed a verified claim and interest. And he would have had ample time to file an answer as well, well before the August 2022 hearing, and he did not do that. So again, he didn't even follow the statutory requirements to even trigger a hearing or trial at that point. He had five months' notice of the state's intent to amend, given that the state filed that amended complaint so soon after and before the 28-day expiration of when it would have had to have brought a forfeiture hearing anyway. He also wasn't prejudiced. The claimant could have proceeded to an innocent owner hearing on August 5th if the state had been allowed to amend its complaint. And had he been successful, he would have still gotten his vehicle back anyway, which is exactly what happened as a result of the court dismissing the state's forfeiture proceedings. And if he didn't prove that he was an innocent owner, then his failure to prove it would not amount to prejudice because, I mean, the facts would have been against him and he wouldn't have been entitled to have that vehicle back anyway. Was the proposed amendment timely filed? Yes, it was. Essentially, it was filed within five days of the seizure. And the state's proposed amendment that it wanted to file on August 3rd, had the court given it leave to do so, was the same one, identical, that it had filed on March 8th. And it was before judgment was rendered, so it would have been timely filed. And that filing would have comported also with Section 2-616B. Did the movement have previous opportunities to amend? Yes, they did. And it did so on March 8th, 2022, and tried to formally amend with leave of court again on August 3rd, 2022, both of which were before final judgment. And additionally, given that the complainant had already filed a verified claimant interest, it was really unnecessary. The claimant appeared to accept the amended complaint filed on March 8th as the complaint that the parties were proceeding on at the hearing. Regarding the statutory construction of this, the claimant's interpretation of the timeliness being synonymous with just and reasonable terms is just incorrect. His interpretation ignores the principles of statutory construction. If you look at the plain and ordinary meaning of Section 2-616A, just and reasonable terms is what is stated, not just and reasonable time. That section provides that a complaint may be amended at any time before final judgment. It doesn't list a 28-day or a 60-day time frame for the deadline for filing an amendment. It says any time. The claimant's interpretation of this section would have the court ignore that phrase at any time before final judgment and permit a court discretion to choose arbitrarily the cutoff date for amendments. This would render the phrase superfluous or without meaning. The legislature did not intend such a result. It had nearly 22 years in which to amend that statute if it wanted it to say just and reasonable time or to give the court discretion to choose that time, but it hasn't done so in 22 years. Essentially any time means any time. Additionally, when you consider the plain and ordinary meaning of Section 2-616A, the trial court has to consider the entire statute. The plain language of Section 2-616B further demonstrates that the phrase just and reasonable does not apply to the time limit for amendments, contrary to what the claimant asserts. Section 2-616B specifically provides that a cause of action set up in any amended pleading is not to be barred by time under any, there's that word again, any statute prescribing or limiting the time for filing a cause of action, provided the time has not expired when the original cause of action was filed, and it hadn't, and provided the cause of action in the amended pleading grew out of the original pleading. It did. If the criteria is met, then the amended pleading relates back to the date of the original filing, which was March 4, 2022, one day after the vehicle was seized. And this is true even if the original pleading was defective in failing to allege an act, a fact, or some other matter which is a necessary condition precedent to the right of that in ruling on the state's motion to amend the verified complaint, but it didn't do so. It ignored Section 2-616B completely in considering whether to allow the amendment, the amendment. Further, it denied the state's motion to amend and granted the claimant's motion to dismiss on the basis of timeliness. The trial court's ruling not only ignored the law, it also entirely superfluous. It cannot do that. It has to consider the entire statute, and it did not do so. And for those reasons, the trial court acted arbitrarily and without conscious judgment in denying the state's motion to amend and in granting the claimant's motion to dismiss. That the trial court acted arbitrarily is also illustrated in its application of Section 36 to proceedings in the article below, or excuse me, in the court below. The trial court applied the 60-day time for hearing contained in Section 5-36-2.5d to bar the state from amending its complaint, yet it ignored the same 60-day period as applied to the claimant. The trial court only had to be held, or the trial only had to be held within 60 days of the filing of an answer. The trial court completely ignored that because the claimant has yet to file an answer. He's never filed an answer, so the hearing has was not even triggered at that point. Counsel, could the verified claim that was filed be deemed to be an answer? I don't believe so, and by claimant's own words at the hearing on August the 5th, Attorney Clays very specifically said, it's a claim, it's not an answer, Your Honor. They're not the same. It's how he asserts his rights in this matter, and the statute is very clear, Your Honor, that a trial and a hearing are just not the same, and the trial does not, the 60-day period for the trial to be held within that time frame does not start running until the claimant and answer, and the innocent owner hearing has to be filed before the trial in the case. If, let's assume for purposes of argument, that verified claim could be deemed an answer, if that's the case, was the trial court correct? I don't believe so, no. Even if the court counts the verified claim as an answer, I don't believe the trial court got it correct based on 2-616B, that there's no time limitation in 2-616B of either the 28 days that claimant asserts had expired, so the amendment wasn't allowed, or the 60 days that the trial court asserted had expired, so the amendment shouldn't be allowed. 2-616B says at any time, and if the amended complaint arises out of the original complaint, then it relates back to the date of the original filing, so the court's amendment that it sought leave to file on August 3rd would relate back to the March 4th filing date, and this is true even if there were defects in the complaint, so since it related back, essentially the amendment would be given the same date as the original pleading, and it should have been allowed for those reasons. Well, aren't there many instances where parties are unable to amend if a statute of limitations has expired? That's true, but I also think you have to look at all of the statutes in connection with one another, and so this is a civil proceeding, and Section 2-616 applies to that, and I think you have to read the statutes in conjunction with one another. You can't take Section 36 in isolation, or excuse me, Article 36 in isolation, and not give any credence to what the legislature said the law should be, and so I think that if you read them in conjunction with one another, then 616B should apply, and the state should have been permitted to amend. Judgment had not been rendered, and even under, if you look at Savage, which was a case cited in the state's opening brief, and I believe in the reply as well, Savage says that if the complainant or the adverse party was not harmed in any way, not surprised or prejudiced, then the amendment should be allowed, and in this case, it's clear that the claimant was not surprised or prejudiced by any amendment that the state wanted to make, given that considering the entire record as the law permits and dictates, he had notice as soon as March the 8th that the state had Scribner's errors, and it corrected them, and so he was not harmed by that, and so the state, again, should have been that amendment, and it failed to follow the law. Did I answer your question, your honor? Yes, you did. Thank you. Thank you. I've already mentioned that the claimant was very clear that his verified claimant interest was not an answer, and even Attorney Clays had moments, excuse me, Attorney Clays had moments argued, before argued, that the state's motion to amend, he responded to the court's question about a time limit for that, how much time the state had to amend, and he said it's 60 days after our answer. He didn't say after our verified claim or claimant interest, and it seems that the court and the claimant both are interchanging answer and claim if they, as if they are the same, but again, the claimant conceded that an answer is different than a claim and interest. Section 2616A and 2616B, I see my time is up. May I finish my thought? May I finish my thought, your honors? You're on mute. I'm sorry. I'm on mute. No, go right ahead. Okay, thank you. Those sections are to be liberally construed and applied, and the reason for that is that cases should be decided on their merits and not on Scribner's errors and technicalities, and so we respectfully ask that this court reverse the trial court's dismissal of the forfeiture proceedings against the claimant's 2008 Toyota Tundra. Thank you. Thank you, counsel. Before we move on to Mr. Clays, Justice McHaney or Justice Moore, do you have any further questions at this point? Nothing further. All right. Obviously, counsel, you'll have your time for rebuttal. Mr. Clays, go right ahead. Good morning, your honors, and may it please the court, Ryan Clays on behalf of Dane Logsdon, the former claimant to Napoli. Your honor, I'll take these, I'll take the stage two arguments, and then I have a additional argument that I'd like to present. As far as the court's denial, the court's denial of the motion to amend was under discretion and was proper. Counsel is correct, and we would agree that the Loyola factors, the four of them, are the appropriate lens in which to review this matter. The first of the Loyola factors being whether or not the proposed amendment would cure the defective pleading. To this, I have to direct the court to the record in that we don't know, as is the appropriate amendment. The amendment sought on, I believe, August 3rd was never filed, was not attached to that amendment as is traditionally done. So we're left to take counsel's representations that that amendment would have cured these pleadings. That was not addressed in my brief as the amendment never came into play. So it may be very possible that the amendment would have been similar to the one that was attempted to be filed, I believe, March 8th, but we don't know. That's not within the record. Second would be whether or not there would be surprise or prejudice on the opposing party here. Now, the statement seems to make the argument that it claims, how could claimant be surprised when it's clearly his truck here? Well, this is answered by the statute itself. The statute requires that certain information be pled into the complaint. The amendment changes the what, where, and the when. These are extremely significant factors as rights are triggered from these. The date, the date is very important. When is important because these rights are derived from that date. It triggers essentially a statute of limitations argument as to the 28 days in which to file, the 48 days in which to present a claim, as well as the 60 days in which to bring the hearing. Now, the original complaint listed January 1st, having, if we take the original complaint on its face, the one filed, I believe the third, then all these time periods of run, and it's inappropriate. If we take the latter, it's then filed too late. And that'll eventually bring me into the third factor here. Council, didn't your client know when the truck was taken? My client didn't know when the truck was taken. That is a fair point, Your Honor. But I don't think the state can rest on that. You know, you should know what's what's appropriate here because you because your truck's gone. I don't think that's what's anticipated by the statute. And I don't think that's what the law can require. They have a pleading requirement set by statute that they failed to make. 730, I'm sorry, 725-36-2 sets out the requirements for a complaint, including the description of the property. They got it wrong, the reference of four. The date and time, Your Honor, as I mentioned, it can't be we can't view it as just a scrivener's error because a series of rights are derived from this date. It sets up the statute of limitations. How can my client be properly apprised of the date, time and circumstances if they don't have them correct in this pleading? That's our position as to that. The date and time of the seizure, the name and address of the law enforcement group and the statutory grounds for the seizure. These are the requirements. Council notes that paragraphs one and three were deficient. This is a four paragraph complaint. These make a difference. This is where my client derives their rights, where it triggers a what, as I believe you mentioned, a sort of statute of limitations that has to be required against the state here. The nature of these proceedings in themselves is a state. It's the state participating in the removal of property from individual citizens. We need to strictly construe the statute against the state here. These are their due process violations. When they're not followed to the letter of the law, a taking occurs. That's why they're here. That's my great concern here. If the state's allowed to say, well, you know what this property was. It's your truck. You know when it was taken. That's not what the statute anticipates here. They anticipate specificity and they anticipate their rights being triggered by this. Since you're emphasizing the state's duty to be specific, counsel, why didn't the verified You know, I believe, actually, I think there's some question, at least between me and counsel. I believe that the claim is an intervener's assertion of rights. Essentially, it's them claiming the property. I think it would actually be appropriate for the state then to reserve the complaint on them or there to then be an answer period. This isn't what occurred, but I believe the verified complaint would also work as an answer to that complaint. But didn't your client specifically tell the trial court, we didn't file an answer? Didn't they say? I specifically told the trial court that it's not an answer. It's a verified claim. They didn't have a petition thereafter and they seek to proceed and we all by agreement set for hearing on the innocent owner matter. So doesn't the 60 day time period start from the date of the filing of an answer still has not been filed. Why? How is the trial court correct? I believe that the claim here acts as the answer as to the intervener and that that period then runs thereafter. Isn't that an innocent owner hearing, which is separate from the forfeiture trial? That is, but at the same time, the innocent owner, the proclaimed innocent owner is deprived of their property and these rights have to apply. We can't just have a continuous deprivation of the property. As I believe you mentioned, it creates a statute of limitations issue here where we seek to return or have finality as to the property in a set period of time here. It can't go on indefinitely while the state takes multiple bites at the apple here trying to get it right. They need to get it right from the beginning. It's because of the nature of the proceedings. I think that it has to be strictly construed against the state because otherwise if they're not following this to the letter of the law, it becomes a taking. But if I may continue, I hope that answers your question. Yeah, go ahead. Okay. Okay. I'm going to, if I may, just a moment. The question factor three is whether the proposed amendment was timely. As I mentioned, I think this is a statute of limitations issue. I reason with the court here that if it's not that first of all, it should have been done within the 28 days. I think that it should have been amended within that initial 28 days. And I think that if it wasn't, I think it absolutely must have been done within that next 60 day period after the runs. I think it's over. I think the state isn't able to continue to make multiple, multiple attempts at the, at the same facts without having to proceed on them. So whether or not there was an opportunity amend, there was an opportunity. It just needs to be done correctly. It wasn't done correctly here. And the next question becomes whether or not it was appropriate to strike the complaint. Well, assistant state's attorney chase rich in the initial proceedings here concedes this. He conceded that both the point orally at the hearing, that it wasn't, that it should be struck by the court. And also through his motion, he's acknowledging that that wasn't done properly and now needs to be done properly. As I've mentioned, I think there's a timeliness aspect of those that wasn't properly addressed. It wasn't properly brought in the time is ran. So there's a matter of savage, of course, dressed by council and both their initial brief and reply as well as my brief it's whether or not leave is mandatory. Leave is leave of court is waivable. It wasn't waived here. There was an objection on the record from on behalf of myself and whether or not there was surprise or prejudice. My argument is and continues to be that it's the continued deprivation. That is the prejudice that my client, that every day he doesn't have his property or have his day in court. This is, this is the deprivation. And the longer that continues, the worse the harm against my client. Isn't it correct? Your client could have had his day in the innocent owner hearing. He could have had that any day. Couldn't he? We were set for innocent owner hearing the day this was dismissed. It was upon the state's filing of their amended motion that I sought to have the initial or the complaint dismissed and objected to the amendment. All right. So back up, Justice McKay. I mean, if my notes are correct, did your client or did you not ask for some continuances yourself? I didn't take the process of at least a little while. That's correct, Your Honor. I was not in it. I was not brought in at the absolute first appearance. I did have time to review the matter or there was a series of times where there was offers made for the property. Ultimately, we determined that those offers were not reasonable and that my client wanted to proceed to the hearing. Whereafter, these motions were filed and ultimately the matter was dismissed. Now, if I may, the dismissal here brings up my next point that I had in my motion to dismiss that I think is rather important and possibly controlling in this matter is that there's a subject matter jurisdiction here. It's without question that on August 5th of 22, the vehicle was ordered returned. I don't think counsel would disagree with that. The statute deals with the return of property damages and costs provided. The law enforcement agency is to return the property within a reasonable time period after an order with not to exceed seven days. Now, it doesn't just end there. It says that unless stayed by a trial court or a reviewing court pending appeal motion to reconsider or other reason after the court has the property returned. What the issue becomes here then is that although I don't question here that they have a right to appeal. The issue is that the property was returned and they haven't perfected the appeal. Now, when they don't perfect the appeal, they can do this through a number of things. The appellate would have been able to do this through a stay of judgment through Illinois Supreme Court Rule 305. They would have been able to do this through a order of the trial court retaining jurisdiction. We know this is possible because within the same Give me just a moment. There's concerning hardship. The statute makes an allowance for if there isn't a hardship that you can make a present claim for the vehicle where the court can then take constructive possession while returning the item pending the hardship resolution as to avoid further harm to innocent parties here. Now, because of that, we know that the court needs to retain some sort of jurisdiction over the res. This is not in personam. This is an in-rem proceeding. They have to somehow attach to that. And when they failed to perfect the appeal through a stay of judgment, through an order of the court retaining jurisdiction over the subject property, the vehicle here, or if for example, this could have been done through a Liz pendants if the property was real property. It's not, but none of these three manners here were employed by the They didn't seek to retain jurisdiction over the matter. I understand they've made arguments that there's instances where this may or may not come into play, but I think when we look at it here, it's the court is ultimately asking what I believe they're asking the court, your honors to essentially issue an advisory opinion here, this matter lacking a case or controversy. If the matter can't, if the court doesn't, the trial court doesn't retain jurisdiction over the property, the property has been returned. There's no order restricting its movement condition sale, nothing of the sort. And because of that, because of that, the subject matter jurisdiction is gone. And I believe council is requesting an advisory opinion here, which I believe is improper. That would conclude my argument. If I'm happy to address any questions, as far as that's concerned. Justice McKinney or Justice Moore? Any questions? Nothing further. No questions. Well, thank you, counsel. Thank you, your honors. Miss Gregor, right ahead. I don't mean to throw you off on how you may proceed, but I'm very interested to hear your thoughts on this newness. This last issue with Mr. Clay brought up. I will address that. Thank you. We don't believe we're asking for an advisory opinion. And the other argument I would make as to that is that the, this court has already ruled on that issue. We had a motion to dismiss and this court said, no, we're not going to dismiss it. It's proceeding. And so, and the cases that I cited in the response to claimant's motion to dismiss, I believe would answer that question. There were cases there where the race property disappeared or was forfeited or sold or for whatever reason. And the court said, that's okay, because then the proceeds from the sale of that property could be used to satisfy any judgment that were to come if the forfeiture proceedings were to continue and the state was successful in getting the court to grant a forfeiture there. Sorry, I'm a little bit disorganized here for a minute. So, I don't think that there is a subject matter jurisdiction problem. I believe there's been other cases where the property has not been retained. It's not clear for sure that this is one of them, but there was people, XRL Kelly versus one 2008 Chevrolet Trailblazer that this court decided in 2016. And it was a situation much like this one where the property was ordered to return to the claimant or owner as an innocent owner, but then this court reversed and said, no, the state can proceed on its forfeiture action. So, that's a similar situation as here. Again, it's not real clear if that property was requested by the state to be The state did not ask the trial court to hold the property, the 2008 Toyota, pending that appeal. And if for some reason that property now is no longer available, then the proceeds from that property, if it were sold, could become the race in this case. And I believe that the cases that I cited, I'm sorry, I've lost my page. Cases that I've cited in my motion to dismiss support that. I would also like to address the claimant's other contentions. He discussed the date of January 1st, excuse me, of January 1st and the verified complaint clearly being the wrong date. But as I mentioned earlier, there are several attachments to that verified complaint. They all contain the correct date. And when you look at those together in totality, it's clear that the state meant March 3rd and the claimant, Dane Logsdon, and the vehicle, the 2008 Toyota Tundra, to be the date, the claimant, and the property in this case. Additionally, the affidavit of the officer that's attached in support of that indicates that he on March 3rd. So clearly it wasn't January 1st as the verified complaint indicates. And Dane Logsdon clearly knew on March 3rd that his vehicle had been seized because his son, Adam, had been driving it while he was under the influence. So there is no question there about the date. And I agree too that the law says that it's a forfeiture. These statutes should be strictly construed. But this very court has also found it necessary to reduce crime facilitated by vehicles and punish the wrongdoer. And that is in this court's opinion in the 1-2008 Chevrolet Trailblazer 2016, Illap 5th, 150338, paragraph 11. So there are two, you know, two competing interests here to be sure. But certainly this claimant allowed his son to drive this vehicle at a time when he knew his driver's license was suspended for prior DUI offenses. And this is exactly the type of person that this court was concerned about in a previous forfeiture proceeding and wanted to address. I thank this court for your time. And we ask that you reverse the dismissal of the forfeiture proceedings against the claimant's Toyota Tundra and permit the state to amend and remand it for further proceedings under the Forfeiture Act. Thank you. Thank you. Before we let counsel go, Justice McKenney or Justice Moore, do you have any final questions? No questions. No, sir. All right. Well, thank you, counsel. Obviously, we will take the matter under advisement. We will get an issue or an order issued in due course.